# IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| BRISMA DALILA ARANA VALLE,<br><br>　　　　　　Petitioner,<br><br>　　v.<br><br>MARKWAYNE MULLIN, et al.,<br><br>　　　　　　Respondents. | Case No. 5:26-cv-02133-MBK<br><br>ORDER GRANTING PETITION FOR HABEAS CORPUS |

Petitioner Brisma Dalila Arana Valle is an immigration detainee in custody of the Department of Homeland Security ("DHS") at the Adelanto Detention Facility. Ms. Valle is a native of Nicaragua who was apprehended shortly after her entry into the United States approximately seven years ago and released shortly thereafter. She has remained in compliance with her supervision conditions since that time. Ms. Valle was recently re-detained by Immigration and Customs Enforcement ("ICE"). In this habeas action, Ms.

Valle challenges her re-detention under the Fourth and Fifth Amendments, the Immigration and Nationality Act, and the Administrative Procedures Act.

Following several recent decisions in this District, the Court finds that Petitioner's sudden re-detention—without any meaningful pre-deprivation notice or an opportunity to be heard—violates due process. Accordingly, the Court grants the Petition and issues a writ of habeas corpus requiring Ms. Valle's release and preventing her re-detention absent pre-deprivation notice and a hearing.

## I.    FACTS AND PROCEDURAL HISTORY

Petitioner Brisma Dalila Arana Valle is a native and citizen of Nicaragua. Dkt. 1 at 2. She entered the United States on January 4, 2019, was detained by Border Patrol, and underwent a Credible Fear interview with an asylum officer who determined that Ms. Valle had a credible fear of persecution or torture if removed to Nicaragua. *Id.* at 3.

On February 27, 2019, Petitioner was issued a Notice to Appear ("NTA") that charged her under Section 212 (a)(6)(A)(i) of the INA of being an immigrant "present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General." *Id.* After DHS determined that she posed neither a flight risk nor danger to the community, on February 28, 2019, DHS released Petitioner pursuant to 8 U.S.C. § 1226(a) on a $1,500.00 bond. *Id.*

Since that time, Ms. Valle has resided in the United States continuously, worked to support herself and her family, applied for asylum, and complied with all the conditions of her release. *Id* at 3-4. Attached to her Petition are letters of support from friends and family attesting to her

2

matriarchal role in her family, strong work ethic, and deep community ties. Dkt. 1-2 at 17-32. Before her re-detention, Ms. Valle was working as a manager at a warehouse that sub-contracts with Amazon. Dkt. 1 at 5. Her work allowed her to provide support for her 21-year-old daughter and U.S. citizen grandson in the U.S. while also undergoing her own treatment for uterine cancer. *Id.*

On March 13, 2026, Ms. Valle was re-arrested outside a relative's workplace in Racho Cucamonga, California. *Id.* at 4, 18. There is no indication that ICE officers were looking for her, nor does she believe that ICE targeted her in the operation that led to her unlawful detention. *Id.* at 4. Petitioner did not receive any notice specifying why she was re-detained, such as an individualized explanation of changed circumstances, alleged violations of the conditions of her release on bond or statutory violations that did not allegedly apply to Petitioner when she initially crossed the U.S. border on January 4, 2019. *Id.*

On April 25, 2026, Petitioner Valle filed the instant habeas Petition. Dkt. 1. Petitioner advances five claims: (1) Petitioner's re-detention violates substantive due process under the Fifth Amendment because it is not related to any legitimate government purpose ( *Id.* at 22-23); (2) Petitioner's continued detention violates procedural due process because she was re-detained without notice or an opportunity to be heard (*Id.* at 23-25); (3) Petitioner's re-arrest without any change in circumstances or evidence of non-compliance with the terms of her release constitutes an unreasonable seizure under the Fourth Amendment (*Id.* at 25-26); (4) Petitioner's re-detention

violates the Administrative Procedure Act (*Id.* at 27-28); and (5) Petitioner's re-detention violates the Immigration and Nationality Act (*Id.* at 28-29).

On April 27, 2026, the Court issued Notice of General Order 26-05 and a Briefing Schedule. Dkt. 5. On May 4, 2026, Respondents filed a response to the Petition stating that they "are not presenting an opposition argument." Dkt. 7 at 2.

## II.   DISCUSSION

Petitioner argues that her ongoing confinement violates substantive due process, procedural due process, the INA, and the APA. She also contends that her re-arrest violates the Fourth Amendment. Consistent with recent decisions by this district and others, the Court finds that Petitioner's re-detention—without notice or a meaningful opportunity to be heard—violates due process. In light of that finding and Respondent's lack of any meaningful opposition to the Petition, the Court will grant the Petition, order Petitioner's release, and prevent her re-detention absent pre-deprivation notice and a hearing.

This Court has previously concluded that the Government violates procedural due process by re-detaining a noncitizen released on parole or shortly after entry into the United States without pre-deprivation notice or a hearing. *See Yataco v. Warden, Adelanto Det. Facility*, No. 5:25-CV-03229-JAK-MBK, 2025 WL 4065463, at *1 (C.D. Cal. Dec. 26, 2025), *adopted*, 2026 WL 158151 (C.D. Cal. Jan. 16, 2026). Because Respondents do not contest the merits of Petitioner's claims, and the Court has already addressed them in *Yataco*, the Court will only briefly address why due process principles support granting the Petition

The Court considers Petitioner's procedural due process claim under the

4

familiar *Mathews v. Eldridge* framework, which considers: (1) the private interest at stake; (2) the risk of erroneous deprivation; and (3) the Government's interest. *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).

With respect to the first *Mathews* factor, Petitioner has a substantial liberty interest in maintaining her life out of custody. While DHS had released Ms. Valle on bond and subject to conditions, "a person who is in fact free of physical confinement—even if that freedom is lawfully revocable— has a liberty interest that entitles her to constitutional due process before she is re-incarcerated." *Hurd v. D.C., Gov't*, 864 F.3d 671, 683 (D.C. Cir. 2017). Petitioner's release included "an implicit promise that parole will be revoked only if [s]he fails to live up to the parole conditions." *Morrissey v. Brewer*, 408 U.S. 471, 482 (1972). This conditional liberty is " 'valuable and must be seen as within the protection of the Fourteenth Amendment.' " *Hogarth v. Santacruz*, No. 5:25-cv-09472-SPG-MAR, 2025 WL 3211461, at *7 (C.D. Cal. Oct. 23, 2025) (quoting *Morrissey*, 408 U.S. at 482).

With respect to the second *Mathews* factor, "[t]here is an unacceptably high risk that the government would erroneously deprive—or already has erroneously deprived—Petitioner of her liberty interest absent a pre-detention hearing." *Cruz v. Lyons*, No. 5:25-CV-02879-MCS-MBK, Dkt. 12 at 7 (C.D. Cal. Nov. 6, 2025). The "primary" purpose of immigration detention is to ensure a noncitizen's presence at removal proceedings or for removal, with a "secondary" purpose of preventing danger to the community. *Zadvydas v. Davis*, 533 U.S. 678, 697 (2001). Nothing in the record suggests that Petitioner is a flight risk or danger. Her initial release from custody, "at least implicitly," "reflects a determination by the government that the noncitizen is not a danger to the community or a flight risk." *Sun v. Santacruz*, No. 5:25-cv-02198-JLS-JC, 2025 WL 2730235, at *6 (C.D. Cal. Aug. 26, 2025) (citation

omitted). Since that time, Ms. Valle has complied with the conditions of her release and appeared for ICE check-ins. Based on the record, the Court concludes that there is a high risk that a lack of pre-deprivation process—that is, notice and a hearing to determine whether Petitioner in fact presents a danger or flight risk—has likely already resulted in Petitioner's unnecessary detention.

With respect to the third *Mathews* factor, "as many other courts have recognized, there is no meaningful countervailing government interest that supports detaining previously paroled noncitizens like petitioner without a pre-detention hearing." *Cruz*, No. 5:25-cv-02879, Dkt. 12 at 7 (collecting cases). "[T]he government has no legitimate interest in detaining individuals who have been determined not to be a danger to the community and whose appearance at future immigration proceedings can be reasonably ensured by a lesser bond or alternative conditions." *Hernandez v. Sessions*, 872 F.3d 976, 994 (9th Cir. 2017). Additionally, "any fiscal or administrative burden the additional procedural safeguard of a hearing before a neutral adjudicator imposes on the government is at most "minimal[.]" *Sun*, 2025 WL 2730235, at *6 (quoting *Doe v. Becerra*, 2025 WL 691664, at *6 (E.D. Cal. Mar. 3, 2025)). "In immigration court, custody hearings are routine ...." *Singh v. Andrews*, No. 1:25-cv-00801-KES-SKO, 2025 WL 1918679, at *8 (E.D. Cal. July 11, 2025).

In sum, the Court finds that all three *Mathews* factors favor Petitioner. Accordingly, the Court finds that Petitioner's detention without pre-deprivation notice or a hearing violates due process.

## III.   CONCLUSION

For the foregoing reasons, IT IS ORDERED that: (1) Judgment be entered granting the Petition; (2) a writ of habeas corpus be issued requiring

6

Petitioner's immediate release, subject to the conditions of her prior release on parole, and preventing her re-detention absent notice and a pre-deprivation hearing at which the Government must justify her detention by clear and convincing evidence; and (3) Respondents shall file a status report no later than seven (7) days from the date of this Order confirming that Petitioner has been released from custody.

Dated: May 5, 2026

_____
HON. MICHAEL B. KAUFMAN
UNITED STATES MAGISTRATE JUDGE